# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**NOVERITTE DELAVALLADE**                                      **CIVIL ACTION**

**VERSUS**

                                                                  **NO. 17-634-JWD-RLB**

**LEISURE & GAMING CORPORATION, USA,
ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 17, 2018.

                                                    **RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NOVERITTE DELAVALLADE**                                    CIVIL ACTION

**VERSUS**
                                                                                    **NO. 17-634-JWD-RLB**
**LEISURE & GAMING CORPORATION, USA,
ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's "Motion to Remand and for Other Relief" (R. Doc. 8) filed on October 12, 2017. The motion is opposed. (R. Doc. 11).[1] Plaintiff has filed a Reply. (R. Doc. 19). Defendants have filed a Surreply. (R. Doc. 22).

**I.     Background**

Noveritte Delavallade ("Plaintiff") initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-2 at 6-9, "Petition").[2] Plaintiff alleged that on or about June 9, 2016, "he slipped and fell on a wet surface" while at a casino operated by the defendants. (Petition ¶ 3). Plaintiff asserts that as a result of the fall he "sustained physical injuries" and is entitled to recover "damages for physical pain and suffering, mental pain and

---

[1] The deadline to file an opposition to the instant motion to remand was November 2, 2017. *See* LR 7. The removing defendants filed their opposition on November 3, 2017. Despite its untimely filing, the Court will consider the arguments raised by the removing defendants.

[2] The Deputy Clerk of Court stamped the Petition as "Filed" on June 16, 2017 at 12:56 p.m. (R. Doc. 1-2 at 9). Plaintiff argues that the "[s]uit was prepared and filed by facsimile transmission on June 9, 2017 pursuant to Louisiana Revised Statute 13:850" and represents that his counsel "received a faxed confirmation of receipt of the fax transmission of the Original Petition." (R. Doc. 8-1 at 5). While Plaintiff requests the Court to order the removing defendant to "correct the filing date" in an Amended Notice of Removal (R. Doc. 8-1 at 12), Plaintiff provides no evidence that the Petition was filed prior to June 16, 2017. Accordingly, the Court finds no basis for ordering the removing defendant to file an Amended Notice of Removal reflecting a different date for the filing of the Petition in state court. To the extent necessary, Plaintiff may oppose any motion to dismiss on the basis of prescription by presenting evidence of the June 9, 2017 filing date.

1

anguish, loss of income, medical expenses and such other pecuniary and non-pecuniary damages as may be proven at trial. . . ." (Petition ¶ 11). Plaintiff also asserts that "his damages, exclusive of interest and costs, exceed the sum of $50,000.00." (Petition ¶ 12).

Plaintiff named the following entities as defendants in Paragraph 1 of the Petition: Leisure & Gaming Corporation USA; Gaming and Leisure Properties, Inc.; Everi Games, Inc.; Everi Games, LLC; and L'Auberge, LLC; PNK (Baton Rouge) Partnership R011000801; Pinnacle Entertainment, Inc. (Petition ¶ 1). Plaintiff further asserted that "all or possibly all" of the defendants, with the exclusion of Pinnacle Entertainment, Inc., do business as "L/Auberge Casino & Hotel Baton Rouge." (Petition ¶ 1).

Prior to removal, Plaintiff filed a Supplemental and Amending Petition for Damages. (R. Doc. 1-2 at 3-5, "Am. Petition"). Plaintiff amended Paragraph 1 of the Petition by naming as defendants PNK Development 8, LLC and PNK Development 9, LLC, the alleged partners of PNK (Baton Rouge) Partnership. (Am. Petition ¶ 1).

On September 12, 2017, PNK (Baton Rouge) Partnership, PNK Development 8, LLC, PNK Development 9, LLC, and Pinnacle Entertainment Inc. (collectively, the "Removing Defendants") filed a Notice of Removal asserting that this court has diversity jurisdiction over the action. The Removing Defendants assert that there is complete diversity of citizenship because Plaintiff is a citizen of Louisiana; the Removing Defendants are all citizens of Delaware and Nevada; Leisure & Gaming Corporation USA is a citizen of Spain; Gaming and Leisure Properties, Inc. is a citizen of Pennsylvania; Everi Games, Inc. is a citizen of Delaware and Nevada; and Everi Games LLC is a "non-existent entity." (R. Doc. 1 at 2-3).

With regard to the amount in controversy requirement, the Removing Defendants assert that the Petition "indicates an amount in controversy that exceeds the federal jurisdictional

2

amount." (R. Doc. 1 at 3). The Removing Defendants do not submit any additional evidence in support of this assertion.[3]

On October 12, 2017, Plaintiff filed the instant motion. While titled in part "Motion to Remand," the specific relief sought by Plaintiff is an order requiring the Removing Defendants to properly assert the citizenship of the defendants. Plaintiff focuses on an entity identified as "GAMING AND LEISURE" in his memorandum, which presumably refers to the defendant named Gaming and Leisure Properties, Inc. ("GLPI") in the pleadings.[4] Plaintiff asserts that this entity, which the Removing Defendants identified as a Pennsylvania corporation, is in fact a Pennsylvania Real Estate Investment Trust ("REIT"). (R. Doc. 8-1 at 6-8). Plaintiff seeks a court order requiring the Removing Defendants (1) "to disclose the citizenship of each and every entity and individual that make up any part of those entities back to the ultimate tier and provide certified copies of all documents that prove or pertain to the citizenship of each individual or entity as well as any information or material thing that may affect the potential and actual citizenship each step of the tree back to the last tier" and (2) "to produce the relevant names and citizenship of every individual or entity that makes up each beneficial shareholder and every entity and person who makes up those entities, of [sic] any REIT including the GAMING AND LEISURE." (R. Doc. 8-1 at 12).

## II.    Arguments of the Parties

In support of remand, Plaintiff argues that diversity does not exists because GLPI is a REIT, and as such its citizenship is determined, for purposes of removal, by that of all of its beneficial shareholders and their citizenship all the way back to the last possible tier. (R. Doc 8-1

---

[3] In a joint filing, Plaintiff asserts that he has "received medical specials related to this accident in the amount of $23,895.35" and that he "claims general damages of $50,000." (R. Doc. 10 at 7).
[4] In his Reply, Plaintiff discontinues the use of the term "GAMING AND LEISURE" and refers solely to Gaming and Leisure Properties, Inc. or GLPI. (*See* R. Doc. 19).

3

at 12). According to Plaintiff, since GLPI is a REIT, the Removing Defendants must identify, and provide the citizenship of, the "beneficial shareholders" of the REIT to establish diversity jurisdiction. (R. Doc. 8-1 at 11).

In opposition, the Removing Defendants argue that diversity is present notwithstanding the fact that GLPI is a REIT. (R. Doc. 11). First, the Removing Defendants argue that the only properly joined defendant is PNK (Baton Rouge) Partnership because it has the responsibility for the maintenance and upkeep of the casino facilities under the relevant lease agreement. (R. Doc. 11 at 4-8). Second, the Removing Defendants argue that even assuming the remaining defendants are properly joined, GLPI, which is incorporated, is treated like a corporation for the purposes of diversity jurisdiction notwithstanding its status as a REIT. (R. Doc. 11 at 8-10).

In reply, Plaintiff argues that because GLPI is a REIT, each of its shareholders "is a legal beneficial owner" of the underlying real estate, and must be considered for diversity purposes. (R. Doc. 19 at 1, 3). Plaintiff further argues that GLPI is a proper party because it controls the maintenance, repairs, and improvement of the physical property at issue by authorizing expenditures, and is otherwise subject to liability under the lease and/or under a separate indemnity agreement. (R. Doc. 19 at 2-3).

In surreply, the Removing Defendants argue that under both Louisiana and Pennsylvania law, GLPI is considered a corporation, and the citizenship of its shareholders is irrelevant for the purpose of determining diversity jurisdiction. (R. Doc. 22).

### III. Law and Analysis

#### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original

4

jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).  When jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)); *see also Getty Oil*, 841 F.2d at 1259 ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.' ") (citing cases); *B., Inc. v. Miller Brewing*, 663 F.2d 545, 549 (5th Cir. 1981) ("where an out-of-state defendant removes an action from state to federal

5

court, the burden is upon the removing party to plead a basis for federal jurisdiction").[5]  If, however, plaintiff makes a good faith challenge to the factual allegations in the removal notice, then the burden is on the removing defendant to prove the existence of the jurisdictional facts. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).  "In such a circumstance, the removing party may be required to submit some evidence in support of its allegations of citizenship." *Employers Mut. Cas. Co. v. Gemini Ins. Co.*, No. 13-816, 2014 WL 3541296, at *4 (M.D. La. July 17, 2014).

### B. Analysis

Having considered the arguments of the parties, the Court need not determine at this time whether any defendants, including GLPI, were improperly joined as a defendants to this lawsuit. Whether Plaintiff has any claims against the defendants in this action can be addressed through dispositive motions.  That is because even assuming that Plaintiff only has a cognizable claim against PNK (Baton Rouge) Partnership, there is complete diversity of citizenship.[6]

The Removing Defendants have submitted evidence that GLPI is organized as a corporation under Pennsylvania law. (R. Doc. 13-3).  Plaintiff does not dispute this fact, or that GLPI's principal place of business is in Pennsylvania. (R. Doc. 19 at 1).  Furthermore, GLPI's articles of incorporation provide that the term "REIT" as used in the articles "means a real estate investment trust" under Sections 856 through 860 of the Internal Revenue Code, 26 U.S.C. §§

---

[5] This is consistent with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure ("A pleading that states a claim for relief must contain ... a short and plain statement of the grounds for the court's jurisdiction . . . .").  There is no requirement that a party asserting this Court's jurisdiction in filing a complaint is required to provide any such supporting documentation.

[6] Contrary to Plaintiff's assertions in his Reply (R. Doc. 19 at 3), the Removing Defendants have distinctly and affirmatively asserted that they are citizens of Delaware and Nevada. (R. Doc. 1 at 2). Plaintiff does not raise any convincing arguments challenging the citizenship of the Removing Defendants.  Furthermore, with the exception of GLPI, Plaintiff does not raise any specific arguments challenging the citizenship of the remaining named defendants in this action as stated in the Notice of Removal.

856-860. (R. Doc. 11-3 at 30). The tax code specifically defines a REIT as a "corporation, trust or association" that meets certain statutory requirements. *See* 26 U.S.C. § 856(a); *see also Bridges v. Autozone Properties, Inc.*, 900 So. 2d 784, 795 (La. 2005) ("A REIT is a corporation, trust, or association, that operates like a mutual fund, except that REITs own real estate and mortgages, as opposed to stocks, bonds, and other securities."). Neither party disputes that GLPI qualifies as a REIT under federal law.

The sole issue the Court needs to resolve is whether, for the purposes of determining diversity jurisdiction, the Court must treat GLPI as a corporation,[7] as argued by the Removing Defendants, or as an unincorporated association,[8] as argued by Plaintiff. If GPLI is treated as a corporation, then the Court may exercise diversity jurisdiction over this action based on the allegations in the Notice of Removal. Otherwise, if treated as an unincorporated association, the Removing Defendants have not established complete diversity, and the Court must either remand this action for lack of subject matter jurisdiction or require the Removing Defendants to amend its Notice of Removal pursuant to 28 U.S.C. § 1653.

Having considered the arguments of the parties, the Court concludes that the citizenship of GPLI is determined by its state of incorporation and its principal place of business, not the citizenship of its shareholders. Foremost, Congress has mandated that for the purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has

---

[7] The citizenship of a corporation is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). The Removing Defendants assert that GLPI was incorporated under Pennsylvania law and its principal place of business is located in Pennsylvania. (R. Doc. 1 at 3).

[8] The citizenship of unincorporated associations is determined by the citizenship of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 198 (1990); *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). There is no dispute that GPLI is a corporation organized under the laws of Pennsylvania. Plaintiff has directed the Court to no statutory basis for ignoring the plain language of 28 U.S.C. § 1332.

In support of his argument that the Court must look to the citizenship of GPLI's shareholders, Plaintiff relies solely on the U.S. Supreme Court's decision *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016). In *Americold*, the Court held that the citizenship of an unincorporated REIT includes the citizenship of its shareholders. *Id*. at 1014-15. In reaching its conclusion, the Court specifically noted that the REIT at issue was unincorporated, and then looked to Maryland law to identify the relevant "members" of the REIT for the purpose of determining its citizenship, which necessarily included its shareholders. *Id*. at 1015-16. The Court specifically rejected arguments to treat the unincorporated REIT as a traditional trust[9] or corporation for the purposes of determining its citizenship. *Id*. at 1016-17.

Given that GPLI is a corporation, the *Americold* decision does not control the determination of GPLI's citizenship for the purposes of diversity jurisdiction. Indeed, in reaching its decision, the Court specifically emphasized that the REIT at issue was "not a corporation" and that the plain language of Section 1332(c) was inapplicable to determining its citizenship. *See Americold*, 136 S. Ct. at 1014-16 (holding limited to a circumstance "so long as such an entity is unincorporated."). Consistent with the foregoing, district courts have looked to the place of incorporation and principal place of business of <u>incorporated</u> REITs when determining their citizenship for diversity purposes. *See*, *e.g.*, *Ginsberg v. Gov't Properties Tr., Inc.*, No. 07-365, 2007 WL 2981683, at *1 (S.D.N.Y. Oct. 11, 2007) (incorporated REIT was incorporated in Maryland with its principal place of business in Nebraska for the purpose of

---

[9] The citizenship of a traditional trust is determined by that of its trustees. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 458 (1980).

8

diversity jurisdiction); *Semack v. 35 Hamden Hills Drive, LLC*, No. 12-1057, 2013 WL 395486, at *3 (D. Conn. Jan. 31, 2013) (incorporated REIT was incorporated in Delaware with its principal place of business in Ohio for the purpose of diversity jurisdiction).

Based on the foregoing, the Removing Defendants have established that there is complete diversity based upon their allegations in the Notice of Removal.

**IV.     Conclusion**

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 8) be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 17, 2018.

                                                                                        /s/ Richard L. Bourgeois, Jr.
                                                                                        **RICHARD L. BOURGEOIS, JR.**
                                                                                        **UNITED STATES MAGISTRATE JUDGE**